[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on February 13, 1983 off the Coast of Acapulco, Mexico. They have resided continuously in this state for a continuous period of more than one year prior to May 1989. There are 2 minor children issue of the marriage, Danielle Brie Kunkel born June 15, 1985 and Dylan Taylor Kunkel born March 14, 1988.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in 46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow. CT Page 285
The plaintiff is aged 37 and in good health. Since 1985 she has taken on the traditional role of homemaker devoting herself to the care and upbringing of her two minor children, her home and her husband. Prior to her marriage to the defendant, the plaintiff worked in retail sales. The plaintiff never earned over $20,000 during the time she was employed prior to 1981 and has earned substantially less since her graduation from high school in 1971. The plaintiff attended school in New Jersey and her family, including her brothers and sisters, currently live in the New Jersey area.
The defendant is 35 years of age and also in good health. He is a Marine Engineer presently employed by National Sea Trade. He is presently assigned to the New York/New Jersey Harbor area. The defendant's present income is found to be $110,000 per year.
There was a major dispute over the defendant's receipt and use of a one time bonus in the amount of approximately $200,000 which he received in January 1989. The net amount received by the defendant was $148,511.74 (apparently some outstanding loans and advance were deducted from the gross amount). The defendant paid approximately $57,000 in taxes, $32,000 in home improvements including siding and windows and $19,000 was applied to the purchase of a Porsche motor vehicle for the defendant from these funds. The defendant claims the balance of the funds were used for additional home improvement expenses and household expenses. The plaintiff disputes this claim and alleges that close to $50,000 was frittered away by the defendant. The defendant also liquidated a pension plan in the amount of approximately $8,610 in 1989. The defendant has been gainfully employed throughout the marriage. In early 1990 the defendant purchased a fourth motorcycle for $10,000.
Unfortunately, the parties were unable to resolve their marital difficulties. No useful purpose would be served by a review of all the testimony presented in this matter. Sufficient evidence was presented to indicate that the marriage had irretrievably broken down. The court declines to assign fault to either party.
The following orders shall enter:
Custody and Visitation
1. The parties have agreed on joint custody with the children to reside with the plaintiff mother, and it is so ordered. CT Page 286
2. The defendant shall be entitled to reasonable rights of visitation with the two minor children to include every other weekend from Friday at 4:00 p.m. to Sunday at 6:00 p.m.
3. The defendant shall also be entitled to mid-week visitation every Wednesday from 4:00 p.m. to 7:30 p.m.
4. The parties shall alternate the Thanksgiving and Christmas holidays. The parties shall alternate the remaining holidays as they shall agree.
5. The plaintiff shall have the minor children on Mothers Day. The defendant shall have the minor children on Fathers Day.
6. The defendant shall be entitled to have the minor children for two weeks during the summer and such other summer vacation time as the parties shall agree.
7. The defendant shall have access to the minor children by telephone and by mail.
8. The defendant shall be entitled to such other reasonable visitation with the minor children, as the parties shall agree taking into account the age of the minor children and their school schedule.
9. The plaintiff shall be entitled to remove herself and the two minor children to Bergen County, New Jersey — a distance of some 30 miles. The plaintiff is originally from New Jersey and has a supportive family and friends in that area. In view of the proximity of the plaintiff's anticipated move, the above visitation schedule should be appropriate. The parties are referred to Family Services to mediate any problems with respect to visitation. In the event mediation is not successful, the parties shall return to court for appropriate orders after a hearing.
Real Estate
1. The jointly owned marital home at 19 Spezzano Drive Riverside. Connecticut shall be placed on the market for sale immediately. Upon the sale of the marital home after the payment of the first mortgage, real estate commissions, attorney fees and other usual closing costs, the net proceeds shall be divided 60% to the plaintiff and 40% to the defendant.
2. The 1988 and 1989 joint income tax refund in the amount of approximately $8,813 shall be used for fix-up expenses and necessary improvements and repairs to the marital CT Page 287 home in anticipation of the sale of the marital property. Such repairs and fix-up shall include but not be limited to repairs in the upstairs bathroom of the leaking shower and shower stall and repair of the downstairs bathroom ceiling and floor, and cosmetic painting. The plaintiff testified that she has received both of these refund checks. Any sums not needed for repairs and fix-up expenses shall be equally divided between the parties.
3. The plaintiff shall have exclusive use of the marital home until such time as it is sold.
4. Until such time as the marital home is sold, the defendant shall be responsible for and shall pay the mortgage, taxes and insurance on said marital property.
5. The court shall retain jurisdiction as to any disputes arising in reference to the sale of the property.
Alimony and Child Support
1. Until such time as the marital home is sold, the defendant shall pay to the plaintiff as unallocated alimony and child support the sum of $2,000 per month.
2. Commencing on the first day of the month after the sale of said marital home, the defendant during his lifetime shall pay to the plaintiff as alimony the sum of $900 per month, until the death or remarriage of the plaintiff or for a period of 5 years, whichever event shall first occur.
3. Commencing on the first day of the month after the sale of said marital home, the defendant shall pay to the plaintiff as child support the sum of $1,250 per month per child until each child shall reach the age of 18, become emancipated or die.
Insurance
1. The defendant shall maintain and provide medical coverage as is available through his place of employment for the benefit of the minor children. So long as the plaintiff is unemployed, the defendant shall be responsible for all unreimbursed medical expenses. Upon the plaintiff's employment, the parties shall equally divide the unreimbursed medical expenses for the minor children.
2. The defendant shall maintain and pay for COBRA benefits as is available through his employment for the benefit of the plaintiff for a period of two years from the date hereof, CT Page 288 or until the wife is employed full time, whichever first occurs.
Income Tax
The parties shall cooperate with each other in the filing of a joint income tax return for the year 1990. Any tax refund shall be equally divided between the parties. The defendant shall hold the plaintiff harmless from any and all taxes due, interest and/or penalties in connection with the 1990 tax return.
Dependency Exemptions
1. So long as the plaintiff is unemployed, the defendant shall be entitled to claim the two minor children as exemptions for income tax purposes. Upon the plaintiff obtaining employment, the parties shall each claim one child as a dependent for income tax purposes.
Debts
1. The defendant shall pay the balances due as of February 1, 1991 on the following debts of the parties and shall hold the plaintiff harmless therefrom:
a) Chase Visa
b) Manufacturers Hanover Master Card
c) Union Trust Master Card
d) Lord Taylor
e) Citgo
f) Ann Taylor
g) American Express
h) Macys
i) National West Cash Reserve
2. The plaintiff shall be responsible for the remaining debts on her financial affidavit:
a) Cyndi Schudy
b) Bloomingdale's
Personal Property CT Page 289
1. The plaintiff shall be entitled to the following:
a) the 1984 BMW motor vehicle;
b) People's Bank Savings account;
c) TV set in the master bedroom;
 d) the remaining furniture and furnishings in the marital home except for the items listed below which are awarded to the defendant
2. The defendant shall be entitled to the following:
a) his 4 motorcycles;
b) the Porsche motor vehicle;
c) his bank accounts
d) his miscellaneous shares of stock;
e) his tools and wardrobe;
f) the parrot and cage;
g) (2) Celadon Korean vases;
h) (3) Patrick Nagel lithographs.
Counsel Fees
 The plaintiff is awarded counsel fees in the amount of $3,000. An immediate withholding is ordered.
COPPETO, J.